1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

GLORIA ROGERS,

            Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

            Defendant.

2:13-cv-01764-APG-VCF

**REPORT AND RECOMMENDATION**

      This matter involves Plaintiff Gloria Rogers' appeal from Defendant Carolyn W. Colvin's final decision denying Rogers's social security benefits. (Compl. #1). Currently before the court is Rogers's motion to remand. (#18). Colvin filed an opposition and cross motion to affirm. (#22 & 23).

**BACKGROUND**

      This action arises under the Social Security Act, Titles II.  Rogers filed an application for a period of disability, disability insurance benefits, and supplemental security income on May 26, 2010 alleging an onset of disability from May 1, 2010. AR[1] 30. The Commissioner denied the applications, determining that Rogers is not disabled and capable of performing the full range of sedentary work at step five of the sequential disability analysis.  AR 36-42. Rogers disagrees, arguing that the ALJ committed reversible error because he did not provide clear and convincing reason for rejecting Dr. Yao's opinions.  Rogers states that, [t]he ALJ appears to have neglected the agency's obligation to assess Gloria Rogers mental ability to hold a job before denying disability benefits. (#18 at 11).

---

[1] AR refers to the Administrative Record.

# **STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When, as here, the Commissioner of Social Security renders a final decision, which denies a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review of the Commissioner's decision is limited. The court reviews the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The issue before the court is, therefore, narrow. It is not whether the Commissioner could have reached a different conclusion, which the record may support. It is, rather, whether the decision is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (stating that if the evidence supports more than one interpretation, the court must defer to the Commissioner's interpretation). Stated simply, the Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**DISCUSSION**

Rogers's appeal presents one question: whether the ALJ committed reversible error because he did not provide clear and convincing reason for rejecting Dr. Yao's opinions.

**I. <u>Disability Evaluation Process</u>**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b) and 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-

---

[1] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f) and 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is

responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### II.     Analysis and Findings

### A.     The ALJ's Decision is Supported by Substantial Evidence at Step 5

Rogers disputes the Commissioner's findings for two reasons. First, Rogers argues that the ALJ erred in rejecting the presence of a severe mental impairment. (AR 34). Second, Rogers alleges that the ALJ erred in rejecting the uncontradicted opinion of a treating or examining doctor. For the reasons below, the court finds that the ALJ's decision regarding Rogers' RFC is supported by substantial evidence; however, the ALJ failed to identify other work that exists in significant numbers in the national economy.

<u>1. The ALJ did not err in rejecting the presence of a severe impairment.</u>

Rogers alleges that the ALJ's determination of her RFC is not supported by substantial evidence because the ALJ rejected the presence of a severe mental impairment. (#18 at 5). In response, the Commissioner argues that the ALJ correctly determined Rogers' medical condition by properly weighing the medical evidence. (#22 at 3). The court agrees.

The ALJ properly considered that Rogers failed to allege that a mental impairment limited her ability to work in her initial application, at the reconsideration stage, and at the appeal stage (AR 35). In fact, "[t]he claimant's first and only documented complaint of any significant mental health problems is in her post-hearing consultative psychological examination report." *Id.* There was an absence of disability during the alleged disability period. (AR 35). Rogers' silence of psychiatric symptoms and treatment is disadvantageous to her claims. See *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (claimant failed to establish error because she failed to identify any functional limitations.)

Rogers had temporary depression spells in 1986 and 2002, in which, she was prescribed anti-depressants. In 1986, Rogers was prescribed medication and after she improved, she went off the medication (AR 35, 375). In 2002, Rogers took medication during her pregnancy but discontinued the medication following birth in 2003. (AR 35, 375-376). As noted, Rogers past medical treatments showed that her mental impairments are not lasting and had improved. Past medical records indicate that Rogers had not complained of depression to her treating physicians since 2003, which was consistent with her assertion to the agency that her disability was solely due to physical impairments. (AR 35). Accordingly, the ALJ's findings that Rogers' medical records did not indicate any active mental health problems is substantiated. See 20 C.F.R § 404.1529(c)(3)(iv) (in considering the severity and limiting effects of an impairment, an ALJ may consider the effectiveness of medication); *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling").

In examining Rogers' disability claim, the ALJ thus examined evidence regarding the functional effects of Plaintiff's alleged depression during the alleged disability period and concluded that Plaintiff did not have more than a mild limitation in any functional area that would affect her ability to work. In Rogers' testimony, she 'testified that she is able to drive, shop, and occasionally cook. She is able to care for her 8 year old son, take him to and pick him up from school, and help him with his homework." (AR 35-36). With Rogers' ability to perform daily tasks, the ALJ's decision that Rogers did not have more than a mild limitation in any functional area that would affect her ability to work is substantiated. See 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 404.1521(a) (an impairment is only severe if it significantly limits a claimant's ability to perform basic work activities for at least a consecutive 12-month period); Social Security Ruling (SSR) 96-3p, available at 1996 WL 374181.

### 2. The ALJ's Interpretation of psychological consultative evaluation, Dr. Richard Yao, is Supported by Substantial Evidence.

Rogers argues that the ALJ's determination of her RFC is not supported by substantial evidence because the ALJ rejected the uncontradicted opinion of a treating doctor, Dr. Richard Yao. The ALJ, however, found that Dr. Yao's report did not establish a severe impairment. (AR 35, 380). The ALJ gave little weight to Dr. Yao's report, as it was inconsistent with Rogers' prior medical history. (AR 35). *Id.* In February 14, 2012, Rogers saw Dr. Richard Yao, Ph. D in a post-hearing consultative psychological examination (AR 35, 374-380). The ALJ states that "Dr. Richard Yao, Ph.D., the consultative psychological examiner, opined that the claimant's depressive symptoms are adversely affecting her ability to carry out complex instructions and interact appropriately with supervisors and co-workers, on a consistent basis[…], the evidence does not support such limitations, or does it establish the existence of such limitations for a period of 12 continuous months." (AR 35).

Rogers argues that the ALJ may not reject the findings of Dr. Yao, the examining physician. (#18). Based on Dr. Yao's findings, Rogers was diagnosed with the following disorders: (1) major depressive disorder, single episode, moderate; (2) pain disorder, associated with both psychological factors and a general medical condition; (3) fibromyalgia/sarcoidosis; and (4) primary support. AR 379-380. Rogers states that, "[t]hat the ALJ may not reject the contradicted opinion of an examining physician without providing "specific and legitimate" reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F. 3d 821, 830-31 (9th Cir. 1995). (#18 at 9).

Dr. Yao's findings are of Rogers' at the time of examination conditions during the alleged disability period. Dr. Yao is not able to state the time of onset of Rogers' mental limitations. Moreover, the ALJ found that "Dr. Yao's diagnosis of a major depressive disorder, was that of a single episode. There is no indication that the claimant's depressive symptoms, if accepted, have lasted, or are expected

to last, 12 continuous months." *Id.* See 20 C.F.R. § 404.1527(d)(4) (considering consistency of medical opinion with record); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("ALJ was not required to incorporate evidence from [a physician whose opinion was] permissibly discounted"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ need not accept the opinion of a doctor that is "unsupported by clinical findings").

**B.     The ALJ's credibility findings regarding Dr. Yao's report is supported by substantial evidence**

Standing alone, this evidence cannot overturn the ALJ's decision. Though a treating physician's opinion is typically given greater weight in disability cases it is not binding on the Commissioner or the ALJ. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity," and ultimately determine disability. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Here, the ALJ's decision to reject Dr. Yao's opinion regarding Rogers' residual functional capacity is supported by substantial evidence for three reasons; (1) Rogers failed to allege that a mental impairment limited her ability to work in her initial application, at the reconsideration stage, and at the appeal stage (AR 35, 159, 168, 173), (2) Rogers' treatment records did not indicate any active mental health problems (AR 35, 221), and (3) Dr. Yao's report did not establish a severe impairment (AR 35, 380).

When evidence is given more than one rational conclusion, and one is given, the court must uphold the ALJ's conclusion. *Perales*, 402 U.S. at 401. The ALJ appropriately considered all the factors and appropriately given considerable weight to all the medical findings.

**C.     Fourth Stage of the Disability Evaluation Process:**

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f) and 416.920(f). The ALJ has determined that

Rogers is unable to perform any past relevant work. The vocational expert testified that Ms. Rogers has past relevant work as a bus driver, cashier, and in-home caregiver. The exertional requirements of the Rogers' past relevant work exceed her residual functional capacity of sedentary. (AR 41).

**D.      Fifth and Final Stage the Disability Evaluation Process:**

At the fifth and final stage of the disability evaluation process, the ALJ must determine whether the Rogers is able to do any other work considering her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If Rogers is able to do other work, then a finding of not disabled is made.

To determine whether Rogers could make a successful adjustment to other work, the ALJ must consider Rogers' significant past relevant work experience. Rogers' prior work history shows that she is skilled in numerous occupations, including as a bus driver, cashier, and in-home caregiver. (AR 41). The vocational expert testified that Rogers could not perform her past relevant work but did not identify other work that exists in significant numbers in the national economy for Rogers. (AR 68 – 70).

In ALJ's report, the ALJ determined that Rogers would be able to perform a full range of sedentary work and is not disabled within the meaning of the Social Security Act. However, the ALJ failed to determine the existence of any such jobs in significant numbers in the national economy, which composes of either the regions where the individual lives or in several regions of the country. (AR 41-42).

As noted above, at pages 4 and 5, if a claimant can no longer perform her past relevant work given her RFC, then the Commissioner bears the burden of production to show a significant number of other jobs exist in the national economy that the claimant can perform given her age, education, work experience and RFC. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The Commissioner can meet this burden in one of two ways: (1) "by the testimony of a vocational expert," or (2) "by reference to the

↓

Medical Vocational Guidelines ["Grids"] at 20 C.F.R. pt. 404, subpt. P, app. 2." *Lorigo v. Colvin*, 1:13-CV-00405-SKO, 2014 WL 1577317 (E.D. Cal. Apr. 18, 2014). Here, nothing in the administrative record indicates that the Commissioner met this burden. Accordingly, this matter must be remanded so that the ALJ can resolve this issue.

**E.     Conclusion**

The District Court's Judicial Review of the Commissioner's decision to deny benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. Having reviewed the Administrative Record, and 9th Circuit law, the court finds that the ALJ's decision contained a legal error with regard to the type of jobs available to claimant. Accordingly, the ALJ's decision is VACATED and the case is REMANDED to the ALJ for further proceedings consistent with this order.

**RECOMMENDATION**

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that the Plaintiff's Motion for Reversal and/or Remand (#18) be GRANTED and the case be remanded for further proceedings consistent with the terms of this report and recommendation.

IT IS FURTHER RECOMMENDED that the Defendant's Cross-Motion to Affirm and Opposition to Motion for Reversal and/or Remand (#22) be DENIED.

IT IS SO RECOMMENDED.

DATED this 31st day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE